

John E. Feeley, SBN 115598
Email:  jfeeley@insurlaw.com
Lois S. Kim, SBN 266660
Email:  lkim@insurlaw.com
SMITH SMITH & FEELEY LLP
16330 Bake Parkway
Irvine, California 92618
Telephone: 949.263.5920
Facsimile:  949.263.5925

Attorneys for Defendant HARTFORD
CASUALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IKHLAS HADDAD,<br><br>        Plaintiff,<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, a business entity, form unknown, and DOES 1-10,<br><br>        Defendants. | CASE NO. 14-CV-00947-RSWL(PJWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Date filed:   December 24, 2013<br>Trial Date:   None |

COME NOW plaintiff Ikhlas Haddad ("plaintiff") and defendant Hartford Casualty Insurance Company ("Hartford")[1] which propose the following Protective Order:

WHEREAS the Parties intend to produce documents, testimony, discovery responses and other information that contain and embody trade secrets, confidential and/or proprietary information and/or

---
[1] Plaintiff and Hartford collectively shall be referred to as "the Parties."

may otherwise be protected by privilege and/or law including all copies and notes that a receiving Party may generate concerning such information (collectively referred to as "Confidential Materials");

WHEREAS, Hartford has objected to producing or disclosing Confidential Materials in discovery absent execution by the Parties and approval and entry by the Court of an appropriate protective order to protect and prevent the unauthorized use or disclosure of Confidential Materials produced in this action;

NOW, THEREFORE, to protect the Parties' rights in their Confidential Materials, the Parties, by and through their respective counsel, hereby stipulate and it is hereby ordered as follows:

1. The Parties may designate documents, materials or other information to be produced or disclosed to counsel for the Parties during discovery or other proceedings in advance of trial, by marking such items with the designation "Confidential." This "Confidential" designation shall automatically make such items "Confidential Materials" within the meaning of this Protective Order. For purposes of this Protective Order, "Confidential Materials" means any discovery material that the producing Party or protected person reasonably believes not to be in the public domain and reasonably believes contains any trade secret or other confidential, strategic, research, development, or commercial information. The designation of multi-page documents may be accomplished by marking the first page of the documents. All copies, prints, or other productions, summaries, notes, synopses or any other memorialization of Confidential Materials, or other information contained therein, shall be deemed Confidential Materials subject to this Protective Order.

2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of

this Protective Order, the party making the designation is certifying to the Court that there is a good faith basis in law and fact for the designation within the meaning of Federal Rules of Civil Procedure Rule 26(g).

3. The Parties may use the Confidential Materials for the limited purpose of this litigation. The Confidential Materials shall not be published, disclosed, or made available to any other person or entity for any purpose whatsoever without prior written consent of the producing Party or pursuant to written order of this Court upon motion properly filed, noticed and heard and upon a showing of good cause (with proper notice to the Parties), other than as permitted in this Protective Order. No "Confidential Materials" shall be published or posted by any Party on any internet information exchange or social network such as Facebook, Linked-In, My Space, You Tube, Twitter, Instagram or similar social media or network applications.

4. The Parties and their attorneys and experts shall not make any more copies of Confidential Materials than are reasonably necessary in the preparation of this action for trial.

5. The Parties shall only disclose the Confidential Materials as necessary to the following persons below, subject to the following conditions and provided that prior to such access or disclosure, each of the following persons are advised of the provisions of this Protective Order and shall be instructed to comply with it:

(a) To their attorneys of record (including in-house attorneys) in this action only and their respective partners, associates, of counsel, law clerks, legal assistants and secretaries who are directly participating in the prosecution of this matter;

(b) To their management and employees, as necessary;

(c) To deponents during the course of their depositions and deposition reporters, notaries and staff;

(d) To potential witnesses that respective counsel for the Parties may wish to interview to determine if formal testimony via deposition and/or at trial is warranted;

(e) To independent experts or consultants employed or retained by their trial counsel of record to perform investigative work, research, analysis, expert testimony and other services specifically related to the prosecution, defense or settlement of this action only;

(f) To insurers, reinsurers, regulators, auditors, insurance claims representatives, and consultants;

(g) Any third party to which the Parties or their counsel have legal or contractual duties to report insurance claim payments or litigation recoveries, including but not limited to, the Internal Revenue Service, accountants, insureds, agents, financial advisors, legal guardians, and/or legal advisors;

(h) Outside photocopy services, graphic production services, or litigation support services employed by the Parties and their counsel to assist in this litigation, and computer personnel performing duties in the relation to a computerized litigation system;

(i) To the Court in this action; and

(j) To such other persons as hereafter may be designated by written stipulation of the parties or by further order of the Court.

The information disclosed to the above persons may be used for purpose of <u>this litigation only</u> and for no other purpose.

6. If any of the Parties' Confidential Materials are present at, or are the subject of inquiry during, a deposition, counsel for the Party who introduces the Confidential Materials shall notify the deposition reporter to stamp on or otherwise permanently affix "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the pages of deposition testimony during which Confidential Materials are discussed or referenced. In addition, counsel for the Party who introduces the Confidential Materials shall notify the deposition reporter to stamp or otherwise permanently affix "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" onto the title page of that deposition transcript. Such portions of deposition transcript shall be deemed, as appropriate, Confidential Materials for the purpose of this Protective Order.

7. Pursuant to Local Civil Rule, 79-5.1, no case or document shall be filed under seal without prior approval by the Court. As such, in the event that any Party desires to file Confidential Materials under seal with the Court in this action, counsel for that Party shall present to the Court a written application and proposed order, which comports with the requirements set forth in Local Civil Rule 79-5.1, requesting approval to file such Confidential Materials under seal.

8. Counsel for the Party who introduces the Parties' Confidential Materials with any document submitted to or filed with the Court in this action, including Confidential Materials used as trial exhibits, shall permanently affix "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the pages of Confidential Materials and any reference to or discussion of the Confidential Materials. Such portions of the document so

STIPULATED
PROTECTIVE
ORDER.DOCX

- 5 -

Stipulated Protective Order                                    14-cv-00947

designated shall be deemed, as appropriate, Confidential Materials for the purpose of this Protective Order.

9. Nothing in this Protective Order shall preclude any Party from using or disclosing either: (a) its own documents or information; or (b) documents or information that it has obtained from any source other than a producing Party in this action.

10. The Parties shall cooperate and take all necessary steps, including the filing of legal papers, to protect Confidential Materials from disclosure. In the event that disclosure of any Confidential Materials is sought from anyone who is subject to this Protective Order pursuant to a lawful subpoena, demand by a governmental authority or other legal process, such person or entity shall, upon receipt of such request, notify the producing Party within seven (7) days of the request for disclosure. The producing Party may then seek to prevent disclosure by filing a motion for protective order or taking other appropriate action and, in that event, the material shall not be disclosed until the producing Party has had a reasonable opportunity to file such motion or take such action. In the event that the producing Party files a motion for a protective order or takes other appropriate action to prevent disclosure of these materials, the materials shall be treated as Confidential Materials until a ruling on such motion is issued from the Court or other governing body.

11. Nothing in this Protective Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

12. In the event that a Party inadvertently produces a document or information that the producing Party believes is subject to a privilege or other legal protection, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or act as estoppel to, any

claim of privilege, work product, or other ground for withholding information that the Party otherwise would be able to assert; provided, however, that the producing Party must give written notice to all Parties, within thirty (30) days of learning of the inadvertent production, that the document or information is subject to a privilege or other legal protection. The notice shall state the nature of the privilege or protection claimed, and shall provide information explaining the basis for the invocation of the privilege or protection.

    (a) Upon receipt of such notice, the receiving Party shall promptly return the material (or portion thereof) that the producing Party claims was inadvertently produced, including any copies that are not destroyed. In the event that only part of a document is claimed to be subject to a privilege or other legal protection, the producing Party shall furnish redacted copies of the document, redacting only those portions that the producing Party claims are privileged.

    (b) Alternatively, a recipient of the notice provided for in paragraph 11 may retain the document, and inform the producing Party, in writing, that the claim of privilege is disputed. Within thirty (30) days of receipt of a privilege notice from a Party, an objecting recipient shall move the Court for an order declaring that the disputed document is not privileged. If the recipient fails to move the Court for such an order within thirty (30) days of receiving the notice, the recipient's objection to the claim of privilege shall be waived.

        i.     A disputed document may be used in connection with such a motion or an opposition thereto.

        ii.    No Party, however, may use any such document or any information contained in it for any other purpose before (a) such a motion is resolved, or (b) the time for filing such a motion has expired.

        iii.   If the Court rules that the document is privileged, all Parties shall return the document, and any other copies of it in their possession or control, to the producing Party. If the Court rules that the document is not subject to a privilege or other legal protection, the Parties need not keep the document segregated any longer.

13. This Protective Order may be modified or amended only by: (a) written agreement of all Parties and an accompanying order of the Court for good cause shown; or (b) order of the Court *sua sponte*.

14. The provisions of this Protective Order shall apply to any materials produced in connection with this action before, on and after the date this protective Order is entered.

15. Upon the final resolution of this action, all persons, including the Parties and attorneys and experts for the Parties, who have received Confidential Materials shall, without demand, either (a) destroy or (b) return to the pertinent Party's attorney all portions of these Confidential Materials, except for exhibits to pleadings filed under seal in the action.

16. Nothing contained in this Protective Order shall preclude any Party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of documents or other information, including additional restrictions on disclosure to the

Parties herein. Nothing in this Protective Order is intended to or has the effect of diminishing any obligations of confidentiality that the Parties otherwise may have.

17. The Protective Order shall survive the termination of this action and continue in full force and effect, and the Court retains jurisdiction to enforce this Protective Order. The Protective Order may be modified or amended by further order of the Court for good cause shown.

I, Lois S. Kim, attest that all signatories listed below have concurred in the content and have authorized the filing of this Stipulated Protective Order.

DATED: April 1, 2014           SMITH SMITH & FEELEY LLP

By: /s/ Lois S. Kim
    John E. Feeley
    Lois S. Kim
    Attorneys for Defendant
    HARTFORD CASUALTY
    INSURANCE COMPANY

DATED: April 1, 2014           NEWSON & ASSOCIATES

By: /s/ Isaac H. Braddock
    Neil C. Newson
    Isaac H. Braddock
    Attorneys for Plaintiff
    IHKLAS HADDAD

APPROVED AND SO ORDERED.

DATED: 4/1/14

_____
United States Magistrate Judge